The document below is hereby signed.

Signed: January 8, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| In re | ) | |
|---|---|---|
| | ) | |
| ANGELO EARL HORTON, | ) | Case No. 18-00636 |
| | ) | (Chapter 13) |
| Debtor. | ) | **For Publication in West's** |
| | ) | **Bankruptcy Reporter** |

<u>MEMORANDUM DECISION RE MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

Wilmington Savings Fund Society, FSB ("Wilmington Savings") has filed a motion for relief from the automatic stay to permit it to pursue a foreclosure action in state court against the debtor's real property, alleging that it is a secured creditor by virtue of a note secured by a deed of trust against the property. The debtor filed an opposition to the motion, contending: (1) that Wilmington Savings lacks standing to pursue the motion (having not specifically pled that it is the holder of the note), has failed to establish that it has an interest in the property, is not the real party in interest, and has engaged in a wrongful foreclosure; (2) that the debtor owes nothing on the note; and (3) that he has substantial equity in the property. The debtor did not appear at the hearing on the motion. I determined at the

hearing of December 20, 2018, on the motion that cause exists to lift the automatic stay, even though Wilmington Savings had not presented evidence establishing that it is the owner or holder of the note at issue.  Herein I elaborate on that ruling.  For reasons similar to those set forth in *In re Yelverton*, 493 B.R. 290 (Bankr. D.D.C. 2013), cause exists to lift the stay without requiring Wilmington Savings to adduce evidence that it is the owner or holder of the note at issue.

I

"The primary purposes of the automatic stay provisions are to effectively stop all creditor collection efforts, stop all harassment of a debtor seeking relief, and *to maintain the status quo* between the debtor and [his] creditors, thereby affording the parties and the Court an opportunity to appropriately resolve competing economic interests in an orderly and effective way." *Taylor v. Slick*, 178 F.3d 698, 702 (3d Cir. 1999), quoting, with emphasis added, *Zeoli v. RIHT Mortgage Corp.*, 148 B.R. 698, 700 (D.N.H. 1993).  The automatic stay freezes things until the court can decide whether cause exists to lift the stay, or, put another way, can decide whether there is some purpose under the Bankruptcy Code that will be served by keeping the stay in place.

Cause for lifting the automatic stay of 11 U.S.C. § 362(a) includes the lack of any purpose under the provisions of the Bankruptcy Code to keep the automatic stay in place.  Unless such

a bankruptcy reason exists, the stay should be lifted.  There is no purpose to be served under the Bankruptcy Code by keeping the automatic stay in place as to Wilmington Savings' pursuing a foreclosure action until the case comes to an end.  For the moment, the automatic stay bars the pursuit of a foreclosure action, but it is apparent that eventually this case will come to an end with Wilmington Savings' right to pursue a foreclosure action unaffected by the bankruptcy case.  Accordingly, the court ought not delay the automatic stay's termination as to Wilmington Savings' pursuit of a foreclosure action.

   The rights of the trustee pursuant to the Bankruptcy Code do not warrant keeping the automatic stay in place as to Wilmington Savings' pursuit of a foreclosure action.  The trustee, as the representative of the estate, has not opposed the motion for relief from the automatic stay, thus "signifying that granting relief from the automatic stay will have no impact on the trustee's administration of the estate."  *Yelverton*, 493 B.R. at 291.  Moreover,

> [a]lthough the property has not been formally abandoned from the estate, the trustee has not seen any reason to object to the bank's pursuing a foreclosure sale that would divest the estate of title to the property.  In other words, it is of no concern to the trustee's administration of the estate whether the bank could adduce evidence to support its allegation that it has an interest in the property.

*Id.* Eventually, with the trustee electing not to attempt to administer the property, the property will cease to be property

of the estate, either by being abandoned (upon a formal abandonment motion under 11 U.S.C. § 554(a) or, upon the eventual closing of the case, via the operation of 11 U.S.C. § 554(c)) or by ceasing to be property of the estate under 11 U.S.C. § 522(b)(1) because the property appears to be fully exemptible from the estate based on D.C. Code § 15-501(a)(14).  Under 11 U.S.C. § 362(c)(1), the automatic stay of acts against property of the estate terminates as to a property when it ceases to be the property of the estate.

Pending that eventuality, there are no rights of the debtor under the Bankruptcy Code that warrant keeping the automatic stay in place as to Wilmington Savings' pursuing a foreclosure action.  The filing of a bankruptcy case only enhances a debtor's nonbankruptcy law entitlements with respect to property to the extent that a specific Bankruptcy Code provision enhances those entitlements.  Aside from the automatic stay itself, nothing in the Bankruptcy Code enhances a chapter 7 debtor's nonbankruptcy law rights with respect to an entity's pursuing a lien enforcement action against the debtor's real property.  This is not a case under Chapter 11 or Chapter 13 of the Bankruptcy Code[1] wherein the debtor would have the right to pursue a plan under

---

[1] The debtor commenced this case as a case under chapter 13 of the Bankruptcy Code, but then converted the case to chapter 7. The debtor has not sought to reconvert this case to chapter 13 or to convert the case to chapter 11.

4

which he would cure arrears on his mortgage over time.  In such a chapter 11 or chapter 13 case, that right could provide a purpose to be served under the Bankruptcy Code warranting keeping the automatic stay in place.  However, in this chapter 7 case, the debtor has no right to alter the rights of creditors regarding enforcing secured claims against his real property.

Eventually the debtor will receive or be denied a discharge or the case will be dismissed.  When that occurs, 11 U.S.C. § 362(c)(2) will terminate the automatic stay with respect to acts against the debtor or the debtor's property.  It is black letter law that the lien at issue will eventually pass through this chapter 7 case unaffected by the bankruptcy case.  *See Long v. Bullard*, 117 U.S. 617, 620-21 (1886).  Delaying the termination of the automatic stay until those eventualities occur would not advance any right conferred on the debtor by the Bankruptcy Code.

Although 11 U.S.C. § 105(a) authorizes a court to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code, the debtor has not identified any such Bankruptcy Code provision to be carried out by way of delaying the pursuit of a foreclosure action against his real property.

II

Wilmington Savings' motion established that it is a "party in interest" with standing under 11 U.S.C. § 362(d) to pursue the

5

motion.  Although some cases like *Roslyn Sav. Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571 (2d Cir. 1983), "have unduly limited the availability of stay relief, the better approach is to recognize that any party affected by the stay should be entitled to move for relief."  3 Collier on Bankruptcy ¶ 362.07[2] at 362-106 (16th ed. rev. June 2016) (footnotes omitted).  Wilmington Savings asserts a right to foreclose against the debtor's real property, and the automatic stay currently bars it from pursuing that asserted right.  Because the automatic stay bars it from pursuing that asserted right, it is a party in interest without the necessity of its proving that it holds or owns the note at issue.

The debtor disputes Wilmington Savings' right under nonbankruptcy law to foreclose.  Even if, as suggested by the misguided discussion in *Comcoach*, only the debtor or a creditor can be a "party in interest," the disputed nature of Wilmington Savings' claim that it has right under nonbankruptcy law to puruse a foreclosure action does not deprive Wilmington Savings of "party in interest" status.  Under 11 U.S.C. § 101(5), the term "claim" includes a right to payment or right to an equitable remedy **even if that right is disputed**.  Wilmington Savings is the holder of its claim of a right to foreclose, and thus a creditor as defined in 11 U.S.C. § 101(10).  *See In re Smith*, 522 F. App'x 760, 765-66 (11th Cir. 2013) (holding that an entity had

6

statutory standing because it alleged that it had a secured claim to payment, such that it was a creditor, as defined by the Bankruptcy Code).

When a chapter 7 trustee has opposed a motion for relief from the automatic stay to pursue a foreclosure action, a number of decisions hold that the movant must provide satisfactory proof of its status as the owner or holder of the note at issue. *See, e.g., In re Escobar*, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011). *See also Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255 (10th Cir. 2012) (ruling similarly in a chapter 13 case in which the debtor objected to the motion for relief from the automatic stay). Although such decisions usually characterize that requirement as a predicate to the creditor's establishing its standing to pursue its motion, the requirement is more appropriately justified on the following basis. If the creditor does not own or hold the note so as to be entitled in a state foreclosure action to have standing to pursue the action, then a trustee (or, in a reorganization chapter, a debtor) attempting to deal with the property under provisions of the Bankruptcy Code ought not be put to the expense of defending against a state foreclosure action that the movant has no right to pursue under nonbankruptcy law. Here, however, the foreclosure will have no impact on the administration of the estate because the chapter 7 trustee does not seek to administer

7

the asset, and the debtor cannot point to a purpose under the Bankruptcy Code to be advanced by keeping the automatic stay in place. Requiring proof that Wilmington Savings is the holder or owner of the note at issue ought not be required.

### III

Based on its motion's allegations, asserting a financial interest in the property, Wilmington Savings also has constitutional standing. *See Smith*, 522 F. App'x at 765 (citing *In re James Wilson Assocs.*, 965 F.2d 160, 168 (7th Cir. 1992)).

### IV

The debtor contends that Rule 17 of the Federal Rules of Civil Procedure requires that Wilmington Savings be the real party in interest. It obviously is the real party in interest *with respect to the pursuit of the motion* because it is Wilmington Savings, not any other creditor, that seeks relief from the automatic stay. Whether it will be the real party in interest *with respect to the pursuit of the foreclosure action* is an entirely different question to be addressed in the state court. If some other entity is the actual holder of the note at issue, then Wilmington Savings may not be the real party in interest entitled to pursue the foreclosure action. The debtor could then raise a defense in the foreclosure action that Wilmington Savings is not the real party in interest entitled to pursue that action. It is premature and inappropriate to address

that issue in addressing a motion for relief from the automatic stay when there is no bankruptcy reason to address the issue. The debtor is not a trustee (or a chapter 11 debtor in possession exercising the powers of a trustee) or a chapter 13 debtor who has a bankruptcy reason, by virtue of rights under the Bankruptcy Code, for defending against a motion to lift the stay to permit pursuit of a foreclosure action.  For example, a chapter 13 debtor, who is attempting to cure mortgage arrears under a chapter 13 plan, may oppose such a motion by pointing to the need not to be subjected to the expense of defending against a foreclosure action in which the movant will not be the real party in interest entitled to enforce the mortgage or deed of trust at issue.  The debtor here cannot point to such a need: he is not in a reorganization chapter in which he is entitled to propose a plan to cure prepetition mortgage arrears.

V

The bankruptcy court, therefore, is not the appropriate forum to resolve the evidentiary issues raised in the debtor's opposition.  As in *Yelverton*, 493 B.R. at 291:

> There is no bankruptcy reason why the property ought not be subjected to whatever claims any entity may assert against it.  And there is no bankruptcy reason why this court should devote scarce judicial resources to addressing questions of evidence that will have no impact on the administration of the estate.  In such a setting, the court should leave to a nonbankruptcy forum the issue of whether the bank has authority to proceed with a foreclosure sale.

Other decisions take a different approach to chapter 7 cases in which the trustee has elected not to defend against a motion for relief from the automatic stay to pursue foreclosure and require the creditor to provide proof that it is the holder or owner of the note it seeks to enforce. *See, e.g., In re Garcia*, 584 B.R. 483 (Bankr. S.D.N.Y. 2018); *In re Idicula*, 484 B.R. 284 (Bankr. S.D.N.Y. 2013). I respectfully disagree with those decisions.

A debtor may be aided by keeping the automatic stay in place (for example, as in *Garcia*, by preventing a foreclosure sale so that the debtor can pursue a loss mitigation application regarding the mortgage). However, such aid ought not be extended to the debtor unless doing so advances some right under the Bankruptcy Code. The debtor's rights in the case are limited to those that the Bankruptcy Code confers on the debtor, the only apparent one of relevance here being the debtor's potential receipt of a discharge. A discharge will confer no right on the debtor to prevent lien enforcement actions being brought against his property. Accordingly, there is no right under the Bankruptcy Code that justifies delaying the inevitable right of Wilmington Savings to pursue its asserted right of foreclosure unaffected by the bankruptcy case.

[Signed and dated above.]

Copies to: Debtor; e-recipients of orders.