The document below is hereby signed.

Signed: February 14, 2019

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANGELO EARL HORTON, | ) | Case No. 18-00636 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
EMERGENCY MOTION TO STAY PENDING APPEAL

The debtor filed an *Emergency Motion to Stay Bankruptcy Order/Judgment Pending Appeal* ("*Motion*") (Dkt. No. 50) that will be denied for the following reasons.

I

The debtor filed a voluntary petition in this case, originally under chapter 13, on September 25, 2018. The case was converted to chapter 7 on November 7, 2018. Wilmington Savings Fund Society, FSB ("Wilmington Savings") filed a motion for relief from the automatic stay to permit it to pursue a foreclosure action in state court against the debtor's real property, alleging that it is a secured creditor by virtue of a note secured by a deed of trust against the property. The debtor filed an opposition to the motion contending: (1) that Wilmington

Savings lacks standing to pursue the motion (having not specifically pled that it is the holder of the note), has failed to establish that it has an interest in the property, is not the real party in interest, and has engaged in a wrongful foreclosure; (2) that the debtor owes nothing on the note; and (3) that he has substantial equity in the property.

A hearing was set for December 20, 2018, at which the debtor failed to appear. The court determined that cause existed to lift the automatic stay, even though Wilmington Savings had not presented evidence establishing that it is the owner or holder of the note at issue. A *Memorandum Decision re Motion for Relief From the Automatic Stay* ("*Memorandum Decision*") (Dkt. No. 44) was entered on January 9, 2019, that elaborated on that ruling.

The debtor filed his notice of appeal on January 18, 2019, and this *Motion* on January 30, 2019.

## II

A party seeking a stay pending appeal must show (1) the likelihood that it will succeed on the merits of its appeal; (2) the likelihood it will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if a stay is granted; and (4) granting the stay is in the public interest. *S.E.C. v. Bilzerian*, 641 F. Supp. 2d 16, 19 (D.D.C. 2009).

    A.    The Debtor Has Not Shown a Likelihood of Success on the Merits of His Appeal.

        1.    The Debtor Has Not Shown a Reason to Keep the Automatic Stay in Place.

The automatic stay is a temporary stay pending a determination of whether there is cause to lift the stay, and such cause includes there being, as here, no reason under the Bankruptcy Code to keep the automatic stay in place.  The debtor has not articulated any reason under the Bankruptcy Code to keep the automatic stay in place.

First, permitting Wilmington Savings to proceed to foreclosure will have no impact on the debtor's benefits under the Bankruptcy Code.  A debtor's benefits under the Bankruptcy Code, commonly referred to as giving the debtor a fresh start, are achieved by the debtor's right to receive a discharge of unsecured debts and the right to exempt property from the estate.  These rights will not be altered by permitting Wilmington Savings to pursue its asserted foreclosure rights.

The debtor's **discharge rights** will be unaffected by permitting Wilmington Savings to pursue its asserted foreclosure rights.  This is a chapter 7 case under which liens pass through the bankruptcy case unaffected by the debtor's discharge.  *Long v. Bullard*, 117 U.S. 617, 621 (1886); *Dewsnup v. Timm*, 502 U.S.

410, 419 (1992).[1]  Of course, that would not be the case if the trustee were to sell the property, but the trustee has not attempted to sell the property.

If the debtor were to take steps to exempt the property from the estate, the debtor's **exemption rights** similarly will not be impaired by permitting Wilmington Savings to pursue its asserted foreclosure rights.  When property is exempted from the estate it revests in the debtor, but the Bankruptcy Code does not enhance the debtor's rights as owner of the exempted property.  But for the automatic stay, the debtor is subject to any foreclosure efforts with respect to the property (if it is exempted) to the same extent he would be had bankruptcy not ensued.

Second, the debtor has not identified any adverse impact on the administration of the estate that would arise from a foreclosure action proceeding.  In this chapter 7 case, the chapter 7 trustee is the representative of the estate.  11 U.S.C. § 323(a).  He did not oppose the motion for relief from the automatic stay and thus does not view the lifting of the automatic stay to permit Wilmington Savings to pursue foreclosure as having an impact on the administration of the estate.  The debtor maintains that there is equity in the property at issue,

---

[1] This is not a chapter 11 case where the property may be necessary for an effective plan of reorganization, or a chapter 13 case where the debtor has the right to cure arrears under a plan.

4

but the trustee has not pursued a motion to sell the property in order to realize that equity for the benefit of the estate.  As the representative of the estate, he is the party with standing to seek to sell the property.  The debtor might be able to exempt the property in its entirety from the estate under D.C. Code § 15-501(a)(14), which may explain why, if there is equity in the property, the trustee has not sought to sell the property and did not seek to oppose Wilmington Savings' motion for relief from the automatic stay.[2]

If the property is *not* exempted and remains property of the estate, the debtor has not suggested that he wishes to sell the property in order for the trustee to have funds to distribute to unsecured creditors.  In any event, the debtor may not attempt in this chapter 7 case to sell the property because (1) that would be an exercise of control over property of the estate in violation of 11 U.S.C. § 362(d)(3), and (2) the trustee, not the debtor, is the representative of the estate.

If the property *is* exempted from the estate, the estate would not be entitled to any proceeds of a sale of the property, and any disposition of the property would have no apparent impact

---

[2] The debtor could amend his Schedule C (part of Dkt. No. 4) to elect to take exemptions available under 11 U.S.C. § 532(b)(3) which includes "property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition" based on where the debtor's domicile was located for specified time periods preceding the filing of the case.

upon the administration of the estate.

Third, based on the foregoing, the debtor has not shown that subject matter jurisdiction would exist over a proceeding in the bankruptcy court to adjudicate the debtor's defenses to Wilmington Savings' asserted right to foreclose against his property. The district court's bankruptcy subject matter jurisdiction, exercised by the bankruptcy court via a referral to the bankruptcy court under District Court Local Bankruptcy Rule 5011-1(a), is limited under 28 U.S.C. § 1334(b) to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Wilmington Savings' asserted right to foreclose and the debtor's defenses to that asserted right arise under nonbankruptcy law, not under the Bankruptcy Code. Nor do those matters constitute proceedings that "arise in" the bankruptcy case, "the narrow category of matters that 'have no existence outside of the bankruptcy,' or that 'could only arise in the context of a bankruptcy[.]'" *Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 666 (1st Cir. 2017) (citations omitted). Finally, the debtor has not shown that those matters are "related to" the bankruptcy case: the debtor has not shown that those matters would have any impact on the administration of the estate. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). As observed in *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995), the courts of appeals that have addressed the question of

"related to" jurisdiction agree that there is no "related to" jurisdiction over "proceedings that have no effect on the estate of the debtor." The outcome of the debtor's defenses regarding Wilmington Savings' rights could, if successful, maximize the amount he receives if he were to exempt the property from the estate. However, § 1334(b) does not grant jurisdiction over proceedings that solely affect property that a debtor has exempted from the estate. *Turner v. Ermiger (In re Turner )*, 724 F.2d 338 (2d Cir.1983); *see also In re McClellan*, 99 F.3d 1420, 1422–23 (7th Cir. 1996); *In re Ostroff*, 433 B.R. 442, 449–50 (Bankr. D.D.C. 2010); *Eastjun Coop., LLC v. Spike Club LLC (In re Wilson)*, Adv. Pro. No. 13-10019, 2004 WL 420037, *2 (Bankr. D.D.C. Feb. 27, 2004) (noting that a "claim that the lien is invalid is simply a characteristic of the property exempted . . ., and the debtors can assert that invalidity outside of this bankruptcy case."). A proceeding to enforce a lien or to declare it unenforceable is not "related to" a bankruptcy case merely because the debtor happens to be a debtor in bankruptcy at the time the proceeding is brought. *See Community Bank of Homestead v. Boone(In re Boone )*, 52 F.3d 958, 961 (11th Cir. 1995). "To fall within the court's jurisdiction, the plaintiffs' claims must affect the estate, not just the debtor." *Wood v. Wood (In re Wood )*, 825 F.2d 90, 94 (5th Cir. 1987) (footnote omitted).

Of course, the bankruptcy court had jurisdiction to decide the motion for relief from the automatic stay, and could have denied the motion if it were evident that Wilmington Savings were seeking to enforce an unsecured claim, but Wilmington Savings seeks only to enforce an alleged lien. There was no bankruptcy reason to waste the limited resources of the bankruptcy court by engaging in an evidentiary hearing to delve into whether Wilmington Savings has an enforceable lien, a dispute arising under nonbankruptcy law whose resolution will not impact the estate or any of the debtor's rights under the Bankruptcy Code, and whose resolution is best left for decision in a nonbankruptcy court of competent jurisdiction.

Fourth, upon the closing of this case, the automatic stay will be terminated under 11 U.S.C. § 362(c)(1) and (2) with respect to Wilmington Savings' pursuing foreclosure efforts. This follows because the debtor's real property, which was listed on his schedules, will be abandoned to him under 11 U.S.C. § 554(c) upon the closing of the case. The only reason the case remains open is that the court is waiting for the trustee to file a report of no distribution or, if he is able to obtain funds to administer, a final report. The time to object to the debtor's discharge and to file a complaint to determine that a debt is nondischargeable has expired (and, anyway, neither of those types of proceedings would have impacted the propriety of lifting the

automatic stay). It is only happenstance that the trustee has not yet filed a report permitting the court to close the case that the case remains open. There is no reason why the debtor should be entitled to have the automatic stay remain in place just because the case happens to remain open because the trustee (who has not opposed the lifting of the automatic stay) has not completed his administration of the estate (in contrast to a debtor's case that has been closed because the trustee has completed the administration of the estate).

Fifth, the Bankruptcy Code enhances a debtor's nonbankruptcy law entitlements only as specifically provided by the Bankruptcy Code. "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." *Butner v. United States*, 440 U.S. 48, 54 (1979). There is no reason to deviate from the state law result, "simply because an interested party is involved in a bankruptcy proceeding," unless "some federal interest requires a different result." *Id.* Although 11 U.S.C. § 105(a) authorizes a bankruptcy court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code, § 105(a) does not "authorize the bankruptcy court to create substantive rights that are otherwise unavailable under applicable law, [nor does it] constitute a roving commission to do equity." *United States v. Sutton*, 786 F.2d 1305 (5th Cir. 1986) (footnote omitted). The

Bankruptcy Code does not confer on the bankruptcy court a magic wand to wave to give the debtor some benefit (not conferred by a specific Bankruptcy Code provision) just because the debtor happens to be in financial straits. The debtor is entitled to a fresh start, but that only means that he is entitled to the benefit of the discharge he will receive and the benefit of property that he may exempt. The Bankruptcy Code does not confer upon the bankruptcy court the right to enhance the debtor's fresh start rights by keeping the automatic stay in place when there is no reason under the Bankruptcy Code to keep the automatic stay in place.

> 2. The Debtor Has Not Shown that Wilmington Savings is Not the Real Party in Interest.

The debtor also asserts that the court did not rule on the debtor's objection that Wilmington Savings was not a real party in interest. However, the court explained in its *Memorandum Decision* that Wilmington Savings was in fact the real party in interest. The debtor's *Motion* further shows the debtor's misunderstanding of what "a real party in interest" means. The debtor asserts that Wilmington Savings is not the real party in interest under Fed. R. Civ. P. 17, made applicable under Fed. R. Bankr. P. 7017, because Wilmington Savings has not shown that it is the holder of the note. The debtor is correct that under Rule 17 a party may only prosecute an action if it is the real party in interest. However, if the debtor thoroughly read the rule,

the debtor would realize that what the rule is requiring is that a party can only sue on its own behalf, and not on behalf of another, except under certain exceptions provided by the rule. Wilmington Savings asserts that it has a right to foreclose on the property and was seeking a lift of the stay to proceed to initiate an action on its alleged right to foreclose on the property, not the right of another party to foreclose on the property, meaning that Wilmington Savings was the "real party in interest" as far as Rule 17 was concerned. Under 11 U.S.C. § 326(d), any "party in interest" may seek the lifting of the automatic stay. Accordingly, the court is not required, for purposes of lifting the automatic stay, to determine whether Wilmington Savings in fact has a right to foreclose on the debtor's real property. Moreover, the issue of whether Wilmington Savings indeed has a right to foreclose on the debtor's real property is a state law issue that ought to be decided in a nonbankruptcy forum as the debtor has not shown that the issue will have an impact on the administration of this case.

    B.   The Debtor Has Not Shown Irreparable Harm if the Stay Pending Appeal is Not Granted.

The debtor asserts that he will be irreparably harmed should a stay pending appeal not be granted because the foreclosure would proceed and the debtor would lose all remedies for recovering his real property. However, if the foreclosure is inappropriate, the debtor has all the protections afforded him by

nonbankruptcy law in a nonbankruptcy forum to stop an inappropriate foreclosure from happening.  If the debtor has in fact fully paid the mortgage, and if Wilmington Savings indeed does not have a right to foreclose on the property, then the debtor can raise those defenses, and any other defenses the debtor may have against a foreclosure on his real property, in Wilmington Savings' foreclosure action in the state court.  With these protections in place, the debtor has not shown that there will be irreparable harm if the court should deny the stay pending appeal.

    C.    The Debtor Has Not Shown an Absence of Harm to Others if the Stay Pending Appeal is Granted.

If the stay pending appeal should be granted, Wilmington Savings would be further delayed in pursuing its remedies, a foreclosure action, in collecting any debt it may be owed.  The delay caused by the stay is unnecessary and only causes more harm to Wilmington Savings in adjudicating its rights under the deed of trust.

    D.    The Debtor Has Made No Showing That the Public Interest Weighs in Favor of a Stay Pending Appeal.

The issues that need to be decided, whether the debtor in fact owes a debt, and whether Wilmington Savings is indeed the holder of the note, are state law issues that do no arise under the Bankruptcy Code, and the debtor has pointed to nothing requiring the bankruptcy court to decide those issues in order to

administer the case. These are state law issues that ought not be dragged into a bankruptcy court for adjudication only on the basis that the debtor happens to be in a bankruptcy case. The public interest weighs in favor of denying a stay pending appeal so that the creditor's asserted right to foreclose and the debtor's defenses to that asserted right can be adjudicated by the state court where those matters belong.

### III

For all these reasons, it is

ORDERED that the debtor's *Emergency Motion to Stay Bankruptcy Order/Judgment Pending Appeal* (Dkt. No. 50) is DENIED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); recipients of e-notifications of filings.